IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Robinson, ) | |
| ) | Cr. No. 5:98-0420 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Christopher Robinson is a federal inmate in custody of the Bureau of Prisons who currently is housed at FCI Petersburg Low in Petersburg, Virginia. On July 18, 2016, Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

I. FACTS AND PROCEDURAL HISTORY

On January 6, 1999, Movant pleaded guilty before the Honorable Dennis W Shedd to armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (Count 1)); using and carrying a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 4); carjacking, in violation of 18 U.S.C. § 2119 (Count 7); and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 8). On October 7, 1999, Movant was sentenced to incarceration for a term of 421 months, consisting of 121 months as to Counts 1 and 7, to be served concurrently; 60 months as to Count 4 and 240 months as to Count 8, to be served consecutively to Counts 1 and 7 and to each other. Judgment was entered on October 19, 1999.

On January 31, 2000, Movant filed a § 2255 motion, asserting that he received ineffective

assistance of counsel because he was allowed to plead guilty to duplicate offenses (Counts 4 and 8) and because counsel failed to adequately explain the consequences of his decision to plead guilty. The government filed a motion for summary judgment on March 29, 2000. On May 3, 2000, Judge Shedd entered an order explaining that Count 4 was a firearms charge relating to the bank robbery and Count 8 was a firearms charge relating to the carjacking. Judge Shedd further observed that the transcript of the guilty plea demonstrated that Movant was adequately informed that he was subject to up to fifty years in prison. For these reasons, Judge Shedd issued an order granting summary judgment in favor of the government on May 2, 2000.

On July 18, 2016, with permission from the Fourth Circuit, Movant filed a successive § 2255 motion seeking the benefit of of the United States Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015).[1] On August 16, 2016, Respondent United States of American filed a motion to dismiss. Also on August 16, 2016, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Movant of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition on November 21, 2016.

## II. DISCUSSION

In Johnson, the Supreme Court interpreted a portion of the Armed Career Criminal Act (ACCA) that mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm, if the offender has three or more convictions for a serious drug offense or violent felony. See 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 924(e)(1), "a person who has three

---

[1] The case was reassigned to the undersigned on August 18, 2016, after Judge Shedd was elevated to the Court of Appeals for the Fourth Circuit in 2002.

previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, . . . shall be . . . imprisoned not less than fifteen years[.]" Under § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

As noted hereinabove, Movant pleaded guilty to using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii). Under 18 U.S.C. § 924(c)(3)(B),

> the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Movant argues that § 924(c)(3)(B) includes unconstitutionally vague wording similar to that found in § 924(e)(2)(B) and, consequently, his underlying conviction for carjacking should not be considered to be a crime of violence. However, the Court of Appeals for the Fourth Circuit has determined that carjacking is categorically a crime of violence under the "force clause," § 924(c)(3)(A).

In Evans v. United States, 848 F.3d 242 (4th Cir. 2017), the defendant appealed the district

3

court's determination that carjacking is a crime of violence within the meaning of 18 U.S.C. § 924(c). Under the carjacking statute, 18 U.S.C. § 2119,

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

The Fourth Circuit, citing to United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016), held that the term "intimidation" used in the carjacking statute required the threatened use of physical force, and therefore fell within the force clause of § 924(c)(3)(A).

## III. CONCLUSION

Respondent filed its motion to dismiss prior to the Fourth Circuit's holding in Evans and relied on assertions not directly relevant at this stage. According, the court denies Respondent's motion to dismiss (ECF No. 58) as moot. Because it plainly appears from the Fourth Circuit's holding Evans that Movant is not entitled to relief, his § 2255 motion is denied and dismissed, with prejudice. See Rules Governing Section 2255 Proceedings, Rules, 4, 8.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 17, 2017